Emma J. Eagan, Appellant, *v.* The Commercial Trust Company of New York, Respondent.

*Eagan* v. *Commercial Trust Co. of New York*, 163 App. Div. 504, affirmed.

(Argued February 6, 1918; decided February 26, 1918.)

Appeal from a judgment entered July 29, 1914, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was to recover rent alleged to be due plaintiff under a lease made between plaintiff and one Joseph Kornhauser, and taxes which became due and payable by the lessee, for which rent and taxes the plaintiff sought to hold the defendant on the theory that it became liable therefor by virtue of having taken an assignment of the lease and having entered into possession thereunder. On August 25, 1903, the plaintiff, Emma J. Eagan, leased the premises to Joseph Kornhauser for the term of twenty-one years commencing on the day of the date hereof, and ending on the 1st day of November, 1924, at twelve o'clock noon. On July 14, 1908, Joseph Kornhauser executed a lease of the premises to his wife for a term ending October 1, 1924, which she in turn assigned to the defendant as security for a loan. The plaintiff contended that the lease with Joseph Kornhauser was for twenty-one years from the 25th of August, 1903, and that the lease from Joseph Kornhauser to his wife, Jennie Kornhauser,

dated July 14, 1908, and ending October 1, 1924, was a lease for more than the entire term granted to Joseph, and operated as an assignment of his lease with plaintiff, and the assignment by Jennie Kornhauser to the defendant made the defendant a tenant, and liable for the rent, taxes and water charges due plaintiff up to the time when the tenant and under-tenants were dispossessed. Defendant maintained that the lease between plaintiff and Joseph Kornhauser was one for a term commencing on August 25, 1903, and ending on November 1, 1924, and that Joseph Kornhauser was unable, by the terms of his agreement, to assign his lease without the consent of the landlord, but could and did execute a sub-lease of the premises to his wife, and his wife in turn assigned her·sub-lease to the defendant as collateral security for a loan. The defendant further maintained that it never was in actual or constructive possession of the property, and never collected or received for its own benefit any rent or other profit from the demised premises.

*George E. Morgan* for appellant.

*Henry Amerman* and *Arthur H. Slack* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ.